UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 15-7337 DSF (FFMx) | Date | 11/24/15 |
|---|---|---|---|
| Title | David Madrigal v. Vons Safeway Co., et. al | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion to Dismiss the Seventh and Eighth Causes of Action Pursuant to Fed. R. Civ. P. 41 and Granting Motion to Remand (Dkt. 10)

    Plaintiff David Madrigal alleges his former employer The Vons Companies, Inc.[1], and manager Ramiro Marquez wrongfully terminated him because of his age and disability. Plaintiff also alleges Defendants breached an oral contract and an implied-in-fact contract not to terminate him without good cause. Although the claims are based on state law only, Defendants removed the case based on Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), which provides for federal jurisdiction over suits for contract violations between employers and labor unions. Plaintiff moves for remand, arguing removal was improper or, alternatively, that the contract claims should be dismissed and the remaining claims remanded.

    The Court finds the motion suitable for disposition without a hearing. The hearing is removed from the Court's calendar. The motion to dismiss the Seventh and Eighth Causes of Action contained within the motion to remand is granted and the matter is remanded.

---

[1] Plaintiff also names "Vons Safeway Co.," but according to Defendants, the only legal entity is The Vons Companies, Inc. <u>See</u> Notice of Remand at p. 2, n. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

The defendant always has the burden of establishing that removal is proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). As a general rule, a case "arises under" federal law "only if the federal question appears on the face of the plaintiff's well-pleaded complaint." <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1371 (9th Cir. 1987). A plaintiff is free to ignore federal claims and make only state law claims to avoid federal jurisdiction, <u>id.</u> at 1371-72, but a few federal statutes have "such extraordinary pre-emptive power that they convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.</u>, 768 F.3d 938, 947 (9th Cir. 2014) (internal punctuation omitted). Section 301 of the LMRA is such a statute. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

The pre-emptive force of Section 301 "is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 64 (1987) (internal punctuation omitted). To ensure that the policies behind Section 301 pre-emption are effectuated, Section 301 pre-emption extends beyond a claim for a breach of the written collective bargaining agreement (CBA). <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-11 (1985). "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" <u>Caterpillar</u>, 482 U.S. at 395 (1987). <u>See also Lueck</u>, 471 U.S. at 211 (holding questions relating to CBA and legal consequences flowing from breach are pre-empted whether suit is based on contract or tort).

Defendants removed this action on the basis of Section 301 pre-emption. <u>See</u> Not. of Removal, ¶ 15. They argue Plaintiff's claims for breach of oral and implied contracts not to terminate Plaintiff without good cause are removable because the claims are rooted in the CBA that governs Plaintiff's former position. <u>Id.</u> at ¶¶ 15-16. The right to be terminated only for "just and sufficient" cause appears in Article 3 of the CBA between Vons and United Food and Commercial Workers Union Local 1167. Defs.' Opp., Exhibit A, at 9-10.[2]

Plaintiff argues the case should be remanded because he relies on oral and implied contracts, not the written CBA. However, an alleged side agreement cannot be used to avoid Section 301 pre-emption in this manner. <u>See Chmiel v. Beverly Wilshire Hotel Co.</u>, 873 F.2d 1283, 1285-86 (9th Cir. 1989) (holding claim for breach of side agreement not to terminate except for good cause was pre-empted by Section 301); <u>DeLapp v.</u>

---

[2] Exhibit A is the March 12, 2007 to March 6, 2011, agreement, but the "good cause" term appears in Article 3 in all agreements covering Plaintiff's tenure at Vons. <u>See</u> Exhibits B, C and D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Cont'l Can Co., Inc, 868 F.2d 1073, 1075 (9th Cir. 1989) (finding pre-emption proper where alleged oral agreement specifically dealt with entitlement created by CBA); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) (same). Plaintiff was a warehouseman, and warehousemen were covered by the CBA. See Defs.' Opp., Exhibit A, p. 50. The contract right asserted by Plaintiff is a right that arises from or is at least substantially dependent on the CBA's "just and sufficient" cause provision. Section 301 pre-emption applies, and removal was proper.

     Plaintiff requested in his remand motion, however, that the Court dismiss the contract claims and decline supplemental jurisdiction over the remaining claims if removal was proper. Pl.'s Mot. at 10:6-8. The Court construes Plaintiff's request to dismiss the Seventh and Eighth Causes of Action as a motion for voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(2). The motion is conditionally granted, subject to an affirmation from Plaintiff that the dismissal is with prejudice.

     Dismissal does not automatically terminate the Court's jurisdiction. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (per curiam) (explaining jurisdiction is analyzed based on the pleadings at the time of removal, not subsequent events ). However, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). When all federal claims drop out early in the litigation, federal courts should decline jurisdiction. Id. This case has only been pending for about three months, and Plaintiff has agreed to voluntarily dismiss the claims that invoke federal jurisdiction. The Court dismisses those claims with prejudice. The case is remanded.

     Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1147(c), in part because Defendants refused to stipulate to remand. Pl.'s Reply at 9:24-26. But Defendants' removal was proper, and Defendants are not required to stipulate simply because Plaintiff might prevail. Plaintiff is not entitled to attorneys' fees.

     The Seventh and Eighth Causes of Action are dismissed with prejudice and the matter is remanded to the Superior Court of California, County of Los Angeles.

     IT IS SO ORDERED.